**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerald Jermaine BRABHAM, a.k.a. Duck, a.k.a. Gerald Jermain Brabham, Defendant–Appellant.**

**No. 12–13909 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 29, 2013.

---

Patricia D. Barksdale, Arnold B. Corsmeier, Kevin C. Frein, Bonnie Ames Glober, U.S. Attorney's Office, Jacksonville, FL, Robert E. O'Neill, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Adeel Bashir, Federal Public Defender's Office, Tampa, FL, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, Rick Carey, Federal Public Defender's Office, Ocala, FL, for Defendant–Appellant.

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Gerald Jermaine Brabham, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, amend 750 (Nov.2011). The district court denied the § 3582(c)(2) motion because Brabham was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1, and thus Amendment 750 had no effect on his guidelines calculations. After review, we affirm.[1]

Pursuant to § 3582(c)(2), the district court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(*o* )." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir.2008); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

---

1. "We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008).

A sentence reduction is not authorized if the amendment does not lower the defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n. 1(A). Further, the applicable guidelines range that must be lowered to be eligible for a § 3582(c)(2) reduction is "the guideline range that corresponds to the offense level and criminal history category ... determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.; see also* 18 U.S.C. § 3582(c)(2) (requiring any reduction to be "consistent with applicable policy statements issued by the Sentencing Commission"). As such, when a crack cocaine defendant's offense level was determined by the career offender provision, U.S.S.G. § 4B1.1, rather than § 2D1.1(c)'s drug quantity table, the defendant is not eligible for a § 3582(c)(2) reduction based on amendments to the crack cocaine offense levels in § 2D1.1(c). This is because those amendments did not lower the sentencing range upon which the defendant's sentence was based. *See Moore,* 541 F.3d at 1327–28 (involving Amendment 706).

The district court did not err in denying Brabham's § 3582(c)(2) motion. At his sentencing, Brabham was designated a career offender, and his base offense level of 37 and his sentencing range of 262 to 327 months were based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c). Amendment 750 did not change the offense levels in § 4B1.1. Thus, Amendment 750 did not lower Brabham's sentencing range. Under our binding precedent in *Moore,* the district court lacked authority under § 3582(c)(2) to reduce Brabham's sentence.

Brabham argues that, despite his career offender status, he remains eligible for a sentence reduction in light of the Supreme Court's recent decision in *Freeman v. United States,* 564 U.S. ——, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011). As Brabham concedes, however, this Court recently concluded in *United States v. Lawson* that *Moore* remains binding precedent and was not abrogated by *Freeman. See United States v. Lawson,* 686 F.3d 1317, 1320–21 (11th Cir.), *cert. denied,* —— U.S. ——, 133 S.Ct. 568, 184 L.Ed.2d 371 (2012) (explaining that *Freeman* did not address defendants whose total offense levels were calculated according to the career offender provision and therefore *Freeman* was not "clearly on point" with the career offender issue in *Moore* ).

Brabham contends that *Lawson* "does not control his appeal because unlike the defendant in *Lawson,* Mr. Brabham was sentenced below his career offender guideline range" due to a substantial-assistance downward departure.[2] This factual distinction is not a basis to ignore *Lawson*'s conclusion that *Freeman* did not overrule *Moore.*

Moreover, it is not *Lawson,* but *Moore* that controls Brabham's appeal. In *Moore,* one of the defendants, like Brabham, received a substantial assistance downward departure. *See* 541 F.3d at 1330. Nonetheless, we concluded in *Moore* that the defendant's sentence was based on his career-offender sentencing range and that he was therefore ineligible for a § 3582(c)(2) reduction. *Id.*

Notably, *Moore,* decided in 2008, is supported by the commentary to U.S.S.G. § 1B1.10, which was amended in 2011 to address this precise point. *See*

---

**2.** Specifically, Brabham received a U.S.S.G. § 5K1.1 downward departure based on his substantial assistance and was sentenced to 210 months in prison. Brabham also later

received two Rule 35(b) substantial-assistance reductions, and is currently serving a 140–month sentence.

U.S.S.G.App. C, amend. 759, Reason for Amendment (Nov.2011). That commentary clearly provides that the "applicable guideline range" an amendment must lower is the range determined *before* any downward departure for substantial assistance. *See* U.S.S.G. § 1B1.10, cmt. n. 1(A). In short, we remain bound by *Moore*, and, under *Moore*, Brabham was not eligible for a § 3582(c)(2) sentence reduction.

**AFFIRMED.**